Rhonda Lee Daugherty
GIFFORD, Appellant,

v.

The STATE of Texas, State.

No. 2–86–097–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1987.

Discretionary Review Refused Feb. 10, 1988.

Alley & Alley, and T. Richard Alley, Layne Harwell, Fort Worth, for appellant.

Brock Smith, Dist. Atty., Decatur, for appellee.

OPINION

HILL, Justice.

Rhonda Lee Daugherty Gifford appeals her conviction by a jury of the offense of sale of a child. The jury assessed her punishment at two years in the Texas Department of Corrections. In two points of error, Gifford contends that the jury erred in failing to find that the defense of entrapment was established and that the jury's verdict is against the great weight and preponderance of the evidence because of entrapment. She contends in a third point of error that the evidence is insufficient to support her conviction.

We reverse the judgment and remand with instructions to dismiss with prejudice,

because we find that the evidence establishes entrapment as a matter of law.

With some immaterial exceptions, the facts are as set out in the companion case of the appellant's husband, *Roger Dale Gifford v. State*, 740 S.W.2d 76 (Tex.App. —Fort Worth 1987), which we have this day decided. As we have noted, Mrs. Gifford, in points of error numbers one and two, urges that the jury erred in failing to find that she had established the defense of entrapment or that the jury's verdict is against the great weight and preponderance of the evidence because of entrapment. For the reasons stated in *Roger Dale Gifford v. State*, we find that the defense of entrapment was established as a matter of law. We sustain point of error number one.

In view of our disposition of point of error number one, we need not consider the remaining points of error.

We reverse the judgment and remand with instructions to dismiss with prejudice.